IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

DIRECTV, LLC,

        Plaintiff,

v.

WNK ASSOCIATES, INC., THE GREAT MILE, LLC, FDI TELECOM COMPANY, COMPLIANCE WHIZ INC., WALEED IQBAL, KHALID IQBAL, MOTASIM BILLAH, SHAHID BASHIR AHMAD, RANA T. REHMAN, AMNA JILANI,

        Defendants.

§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO.  6:22-CV-00423-JDK

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff DIRECTV, LLC's motion for expedited discovery and motion to serve foreign entity subpoenas via courier (Doc. No. 4), which was referred to the undersigned by court order (Doc. No. 14). No response in opposition has been filed. For the reasons stated, Plaintiff's motion (Doc. No. 4) is **DENIED**.

## BACKGROUND

Plaintiff alleges that Defendants are engaging in an ongoing fraud scheme by impersonating Plaintiff and contacting existing customers to offer them either free or discounted products to steal the customer's money via prepaid gift cards. (Doc. No. 1, at 2.) Plaintiff alleges that to perpetrate the fraud scheme, Defendants identify Plaintiff's actual and potential customers and contact them via text or call using Voice Over Internet Protocol, so they can alter the Caller ID to reflect DIRECTV. *Id.* Plaintiff further alleges that Defendants inform the targeted individual

1

that they have been selected for a time-sensitive promotion and elicit personal information to access the individual's DIRECTV account. *Id.* at 3. Plaintiff claims that Defendants then tell the targeted individuals that the promotion is in partnership with another company and to qualify for the discount they need to prepay the discounted amount through gift cards issued by the promotion partner. *Id.* Plaintiff alleges that Defendants provide the targeted individuals with the amount needed for the gift cards, a number to call with the gift card information, and an employee identification number for the person that helped them. *Id.*

Plaintiff maintains that the targeted individuals purchased the gift cards requested by Defendants and called the number to provide the gift card information. *Id.* Plaintiff alleges that Defendants drained the gift cards of the funds but never provided the promotion. *Id.* Plaintiff asserts that Defendants conducted business with each other through Facebook, LinkedIn, and other third-party employment websites. *Id.* at 4. Plaintiff alleges that Defendants used DIRECTV's name, marks, and photos from Plaintiff's website without authorization to impersonate Plaintiff. *Id.* at 14.

Plaintiff now requests the court permit expedited discovery prior to the Rule 26(f) scheduling conference to: (1) serve third-party subpoenas on entities in possession of relevant information relating to Defendants' fraud scheme to prevent destruction of evidence; (2) learn the full extent of Defendants' conduct; and (3) identify Defendants' coconspirators and actual customers harmed. (Doc. No. 4, at 2–3, 7, 10.) Plaintiff suggests that entities such as LinkedIn, eBay, PayPal, Zelle, Authorize.Net, Evalon, Tango, and Facebook likely possess information related to Defendants' ongoing fraud scheme but are not required to preserve or provide Plaintiff with this information. *Id.* at 11. Plaintiff also contends that expedited discovery will conserve court resources and mitigate ongoing irreparable harm. *Id.* at 9–10.

2

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 26(d)(1) prevents a party from seeking discovery from "any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by the[] rules, by stipulation, or by court order." Although the Fifth Circuit has not adopted a standard for determining whether a party is entitled to expedited discovery, courts within the Fifth Circuit, including the Eastern District of Texas, have applied a "good cause" standard. *See Strike 3 Holdings, LLC v. Doe*, No. 4:22-CV-643-SDJ, 2022 WL 17347778, at *1 (E.D. Tex. Nov. 30, 2022); *Hunsinger v. Doe Corp.*, No. 3:22-CV-2444-M-BH, 2022 WL 16722344, at *1 (N.D. Tex. Nov. 4, 2022); *Ensor v. Does 1–15*, No. A-19-CV-00625-LY, 2019 WL 4648486, at *1 (W.D. Tex. Sept. 23, 2019); *Greenthal v. Joyce*, No. 4:16-CV-41, 2016 WL 362312, at *1 (S.D. Tex. Jan. 29, 2016).

To determine whether good cause exists, "a court must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Huawei Techs. Co. v. Yiren Huang*, No. 4:17-CV-893, 2018 WL 10127086, at *1 (E.D. Tex. Feb. 13, 2018) (*quoting St. Louis Group, Inc. v. Metals and Additives Corp., Inc.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011)).   Specifically, when "a party seeks a subpoena for identifying information of anonymous Internet users . . . 'the court must also balance the need for disclosure against the defendant's expectation of privacy.'" *Ensor*, 2019 WL 4648486, at *2 (quoting *Malibu Media, LLC v. Doe*, SA-19-CV-00601, 2019 WL 3884159, at *1 (W.D. Tex. Aug. 16, 2019)). The court has broad discretion in determining discovery matters. *Document Operations, L.L.C. v. AOS Legal Techs., Inc.*, No. 20-20388, 2021 WL 3729333, at *3 (5th Cir. Aug. 23, 2021).

## DISCUSSION

In its motion, Plaintiff discussed the need for expedited discovery in this case to prevent destruction of evidence, mitigate ongoing irreparable harm, and conserve court resources. (Doc. No. 4 at 9–11.) Plaintiff asserts that it intends to seek injunctive relief (*id.* at 2), but Plaintiff's contention is belied by the record because Plaintiff has not sought a temporary restraining order or injunctive relief thus far, which would be expected if Plaintiff had concerns of ongoing irreparable harm necessitating expedited discovery. *See El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004) ("[E]xpedited discovery would be appropriate in cases involving preliminary injunctions.").

Plaintiff also identified several third parties who potentially have information related to this case and are under no obligation to preserve the information. (Doc. No. 4 at 7,11.) This list of third parties, however, was not exhaustive. Further, Plaintiff did not specifically identify what information it intends to seek from these third parties and how it intends to discover this information, such as account names, or IP addresses.  *See, e.g.*, *Strike 3 Holdings, LLC*, WL 17347778, at *1, *3 (permitting expedited discovery to serve subpoena on third party who owned specific IP address to obtain third party's legal name and physical address); *Hunsinger*, 2022 WL 16722344, at *1–2 (permitting expedited discovery to serve subpoenas on third parties who owned specific phone numbers to determine identities). Plaintiff also did not attach the proposed subpoenas to its motion to allow the court to discern the requested scope of the discovery and whether the proposed subpoenas were appropriately balanced between the scope of discovery and the privacy interests of Defendants. At best, Plaintiff provides cursory arguments that expedited discovery will shed light on additional defendants and targeted customers, unearth more evidence of Defendants' wrongdoing, and preclude destruction of evidence potentially held by a non-

exhaustive list of third parties. *Id.* at 7, 10–11. Plaintiff has therefore failed to narrowly tailor the scope of the request to allow the court to protect the privacy interests of Defendants. *See Ensor*, 2019 WL 4648486, at *2.

Moreover, although Plaintiff's motion for expedited discovery seeks information from third parties, all defendants have not been served in this case, and *ex parte* motions for expedited discovery are generally disfavored by the court. *See Alamo Area Mut. Hous. Ass'n v. Lazenby*, No. 5:17-CV-634-DAE, 2017 WL 7052289, at *4 (W.D. Tex. July 19, 2017); *Source Prod. & Equip. Co. v. Schehr*, No. 16-17528, 2017 WL 45221, at *1–2 (E.D. La. Jan. 4, 2017). Here, Plaintiff filed the complaint and the court issued summons in early November. (Doc. No. 1, 5.) At this point, service should be completed within six weeks. *See* Fed.R.Civ.P. 4(m) (identifying that a defendant must be served within 90 days of the complaint being filed). After Defendants have filed a responsive pleading or motion, the court will set the case for a Rule 26(f) scheduling conference and discovery will commence. Plaintiff will have the opportunity to seek the requested discovery at that time.[1] Further, at that time, the parties will have the opportunity to propose a protective order to govern third-party discovery in this case. Plaintiff's motion has not proposed any protections for the broad third-party discovery it seeks.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to establish good cause for expedited discovery. Accordingly, Plaintiff's motion for expedited discovery (Doc. No. 4) is **DENIED**. Because the court denied Plaintiff's motion for expedited discovery, Plaintiff's motion to serve foreign entity subpoenas via courier (Doc. No. 4) is **DENIED** as moot.[2]

---

[1] As to Plaintiff's request for default against certain Defendants (Doc. No. 13), the court finds that third-party discovery as to those Defendants would be better addressed in the context of any motion for default judgment that may be forthcoming.

[2] Plaintiff may pursue service of subpoenas on foreign entities via courier when discovery commences.

**So ORDERED and SIGNED this 20th day of December, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE