IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DIRECTV, LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:22-CV-00423-JDK |
| v. | § § § | |
| WNK ASSOCIATES, INC., THE GREAT MILE, LLC, FDI TELECOM COMPANY, COMPLIANCE WHIZ INC., WALEED IQBAL, KHALID IQBAL, MOTASIM BILLAH, SHAHID BASHIR AHMAD, RANA T. REHMAN, AMNA JILANI, | § § § § § § § § | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff DIRECTV, LLC's ("DIRECTV") motion for entry of an order authorizing DIRECTV to effect service of process on Defendant Motasim Billah via social media. (Doc. No. 30.) Plaintiff also seeks an extension of time to effect service of process. *Id.* No response in opposition has been filed. The motion had been referred to the undersigned for disposition. (Doc. No. 31.) Upon consideration, Plaintiff's motion (Doc. No. 30) is **GRANTED** as set forth herein.

## BACKGROUND

On November 1, 2022, DIRECTV filed this action against Defendants Waleed Iqbal, Shahid Bashir Ahmad, Motasim Billah, Compliance Whiz Inc., FDI Telecom Company, Khalid Iqbal, Amna Jilani, Rana T. Rehman, The Great Mile, LLC, WNK Associates, Inc. (Doc. No. 1.) Plaintiff alleges that Defendants are engaging in an ongoing fraud scheme by impersonating Plaintiff and contacting existing customers to offer them either free or discounted products to steal

1

the customer's money via prepaid gift cards. (Doc. No. 1, at 2.) Summonses as to all Defendants issued on November 2, 2022. (Doc. No. 5.) Summonses were returned executed as to Defendants Amna Jilani, Rana Rehman, Compliance Whiz Inc., and FDI Telecom Company on November 9, 2022. (Doc. Nos. 8–11.) A Clerk's Entry of Default was entered as to Defendant Compliance Whiz Inc. on December 20, 2022. (Doc. No. 16.) Summonses were returned executed as to Defendants WNK Associates, Inc. and Khalid Iqbal on December 29, 2022 (Doc. Nos. 22, 23), and on January 5, 2023 as to Defendant Shahid Bashir Ahmad. (Doc. No. 25.) Defendants Waleed Iqbal, Khalid Iqbal, The Great Mile, LLC, WNK Associates, Inc. filed an answer on January 9, 2023 (Doc. No. 26), and a first amended answer on January 30, 2023 (Doc. No. 28.) The court has issued an order governing proceedings, and set this matter for a scheduling conference on March 9, 2023. (Doc. No. 27.) On January 30, 2023, Plaintiff filed the instant motion requesting court-authorized service of process as to Defendant Motasim Billah. (Doc. No. 30.)

## I.     Declaration of Ina Xhoxhaj

In support of its motion, Plaintiff submits the sworn declaration of Ina Xhoxhaj, who is an employee of Stunmar Investigations. (Doc. No. 30-1.) The declaration states that Stunmar Investigations was retained by Plaintiff to identify the location of all Defendants, including Defendant Billah. *Id.* at ¶ 4. The investigation involved extensive public record and internet searches and revealed that business operatives associated with Defendant, Trans Global a/k/a WNK Associates and Great Mile, are located at 100 Independence Pl, Tyler, TX 75703. *Id.* at ¶¶ 4,5. The declaration states that Plaintiff hired a process server and attempted to serve Defendant Billah at that address but was unsuccessful. *Id.* at ¶ 5. Stunmar Investigations then engaged in more research, and located and located a possible home address affiliated with Defendant Billah, which is also affiliated with Defendant Khalid Iqbal: 1225 River Bend Rd, Tyler, TX 7570. *Id.* at ¶ 6.

Again, Plaintiff retained a process server who attempted to serve Defendant Billah at that address, but who was unsuccessful. *Id.* Stunmar Investigations then identified Defendant Billah as listed on the management team for Nu Solar a/k/a New Solar Power located at 12012 Wickershester Lane, Suite 680, Houston, Texas 77079. *Id.* at ¶ 7. Again, Defendant Billah could not be located at this address despite attempts to locate him there. *Id.* The declaration concludes that through further investigation, it was uncovered that Defendant Billah is currently in Lahore, Pakistan, but no exact address can be ascertained for him. *Id.* at ¶ 9. The declaration states that Stunmar Investigations monitors Defendant Billah's social media accounts and that he currently and regularly utilizes the social media platforms Facebook and LinkedIn. *Id.* at ¶ 10.

## II.     Declaration of Kristi Whitaker

Plaintiff also attaches the sworn declaration of Kristi Whitaker, an agent of Texas Process Servers. (Doc. No. 30-2.) The declaration states that Ms. Whitaker attempted personal service of Defendants at the following addresses: 903 S Beckham Ave, Tyler, Texas; 1225 Riverbend Dr Tyler, Texas; and 100 lndependence Place Suite 214 Tyler, Texas. *Id.* Specifically, the declaration states that the agent went to the Riverbend address in early November asking for Motasim Billah, and that after several minutes of knocking at the door, there was a woman inside who would not come open the door. *Id.* Eventually, she came to the door but stated that she did not speak English and that she had the wrong address. *Id.* The agent believes this woman was the wife of Defendant Khalid Iqbal. *Id.*

## DISCUSSION

Plaintiff's motion details Defendant Billah's personal involvement in the fraud scheme as alleged, noting that he is the Managing Director of Texas corporation WNK Associates. (Doc. No. 30, at 2, citing Doc. No. 1, at ¶¶ 21, 64. As discussed above, Plaintiff has submitted declarations

detailing the significant investigation that took place to identify all the locations of Defendant Billah so that service of process could be accomplished. (Doc. No. 30-1; Doc. No. 30-2.) The declarations conclude that Defendant Billah could not be located at any of the addresses visited and that he is currently located in Lahore, Pakistan with an exact address unknown. *Id.* Personal service was attempted on Defendant Billah in Tyler, Texas without success. (Doc. No. 30-2.) The declaration of Ina Xhoxhaj further confirms that Defendant Billah currently and regularly utilizes the social media platforms Facebook and LinkedIn. (Doc. No. 30-1, at ¶ 7.) As a result, Plaintiff seeks to effect service of process upon Defendant Billah via social media pursuant to Federal Rule of Civil Procedure 4(f).

## I.     Service on a Foreign Defendant

Federal Rule of Civil Procedure 4(f) governs the service of parties in foreign countries. Pursuant to Rule 4(f), an individual may be served in a foreign country (1) "by any internationally agreed means of service that is reasonably calculated to give notice," such as those authorized by the Hague Convention, (2) "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice," or (3) "by other means not prohibited by international agreement, as the court orders." Fed.R.Civ.P. 4(f). Service on a foreign defendant is proper "when it is a court ordered method that is not prohibited by international agreement and is reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections." *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022).

Of relevance here, the United States and Pakistan are signatories to the Hague Convention. However, the address of Defendant Billah is unknown as set forth in Plaintiff's declarations regarding the numerous attempts to locate him. (Doc. Nos. 30-1, 30-2.) Although Plaintiff has not

4

stated that it has attempted to comply with the Hague Convention's prescribed means for service of process for foreign defendants in international civil suits, the Hague Convention does "not apply where the address of the person to be served is not known." Convention Done at the Hague Nov. 15, 1965;, T.I.A.S. No. 6638 (Feb. 10, 1969). Moreover, attempting service under the Hague Convention is not a prerequisite to requesting alternative service. *See Affinity Labs of Texas, LLC v. Nissan N. Am. Inc*., No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014) ("a plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)."). Thus, the court does not find that Plaintiff's failure to attempt service of process via the procedures of the Hague Convention to be a basis to deny the request for alternative means in this case.

      a. **Service by Alternative Means Pursuant to Rule 4(f)(3)**

The court must first determine whether service by alternative means would be procedurally proper. The Hague Convention does not prohibit service of process by email, social media, or posting to a designated website and the court is unaware of any applicable international agreement that would prohibit service in such a manner. A court acting under Rule 4(f)(3), therefore, remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). The court is unaware of any objection by Pakistan to service by alternative means. *See Amirit Techs., Inc. v. HTN Wireless, Inc.*, No. 217CV0067SRCCLW, 2017 WL 2080418, at *2 (D.N.J. May 12, 2017) (concluding that service via email would likely be an acceptable form of service for a defendant in Pakistan). Therefore, the court finds no procedural bar to permitting service of Defendant Billah in Pakistan by alternative means. Moreover, the court finds that alternative means in this case are appropriate given that Defendant Billah's exact address in Pakistan remains unknown despite

significant attempts to locate his address through an investigative service, and multiple failed attempts to serve Defendant Billah at addresses within the United States associated with him and/or his businesses. (Doc. No. 30-1.) In addition, service by alternative means in this case would avoid further significant delays and additional expenses incurred. *Document Operations, LLC v. AOS Legal Techs., Inc.*, No. 4:20-CV-1532, 2021 WL 3089258, at *6 (S.D. Tex. July 22, 2021) (finding alternative service warranted to prevent further delay and needless cost to the parties); *Affinity Labs*, 2014 WL 11342502, at *3 (saving time and expense are valid reasons to request an alternative method of service); *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) ("[c]ourts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3).").

### b. Considerations of Due Process

Although means of alternative service are available in this case, the court may only grant leave to effect alternative service under Rule 4(f)(3) by a method that satisfies due process. *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 WL 3270832, at *4 (W.D. Tex. June 17, 2020). To satisfy due process, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Due process is satisfied when efforts at giving notice provide fundamental fairness by exhibiting a reasonable probability of actual notice. *Id.* at 317–18.

As an initial matter, other courts, including courts in this district, have determined that service via social media on foreign defendants satisfies due process. *See Cothran v. Koomson,* No. 420CV00481SDJCAN, 2021 WL 9095766, at *4 (E.D. Tex. Oct. 6, 2021) ("Plaintiff's request for substituted service on Defendant [] by social media complies with Federal Rule of Civil Procedure

4(f), the constitutional requirements of notice and due process, and Texas Rules of Civil Procedure Rule 106."); *Birmingham v. Doe*, 593 F. Supp. 3d 1151, 1160 (S.D. Fla. 2022) (permitting alternative service of process on foreign defendant via social media messages); *Norambuena v. W. Iowa Tech Cmty. Coll.*, No. 20-CV-4054-LTS-KEM, 2021 WL 5106048, at *4 (N.D. Iowa Mar. 30, 2021) (finding that service by email and Facebook is "reasonably calculated" to reach the defendants and apprise them of the lawsuit); *St. Francis Assisi v. Kuwait Fin. House,* No. 3:16-cv-3240-LB, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016) (allowing service by Twitter and holding that service by Twitter was "reasonably calculated to give notice to" the defendant because the defendant "has an active Twitter account and continues to use it to communicate with his audience"); *F.T.C. v. PCCare247 Inc.,* No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *2–4 (S.D.N.Y. Mar. 7, 2013) (permitting service by email and through social media after plaintiff's attempts to serve Indian defendant via the Hague Convention were unsuccessful).

In this case, the court must consider whether Plaintiff's proposed method of service via direct messaging through Facebook and LinkedIn would comport with due process by exhibiting fairness and a reasonable probability of actual notice to Defendant Billah. Plaintiff has included a declaration with links to Defendant Billah's social media accounts indicating that the accounts belong to him and that he regularly utilizes the platforms. (Doc. No. 30-1.) Given that the accounts belong to Defendant Billah and are actively managed and used by him, the court finds that direct messages to Defendant Billah via the accounts are likely to apprise him of the lawsuit. Furthermore, any risk of Defendant Billah not opening his social media messages can be mitigated by sending a Dropbox link to the documents, whereby Plaintiff can view whether anyone has opened the link. In addition, given that Defendant's accounts are written entirely in fluent English (Doc. No. 30-1), the court does not find that actual notice would be inhibited based on a lack of

translation. For these reasons, the court finds that Plaintiff's proposed alternative means of service is appropriate in this case.

## II. Location of Defendant Billah in the United States

As the present exact address of Defendant Billah is currently unknown, to the extent that Defendant Billah is located within the United States, the court finds that such alternative means are permissible for service. Pursuant to Federal Rule of Civil Procedure 4(e)(1), service of Plaintiff's complaint filed in federal court may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Texas law allows for service by alternative means where service was attempted and unsuccessful and alternative service will likely be reasonably effective. Tex.R.Civ.P. 106(b). Upon motion supported by a sworn affidavit, the court may authorize service in any other manner it finds will be reasonably effective to give notice, "including electronically by social media, email, or other technology." *See id.* (emphasis added). The supporting affidavit must identify "any location where the defendant can probably be found" and set forth specific facts showing that traditional service has been attempted but unsuccessful. *Id.*

Here, for the reasons discussed above, Plaintiff's affidavits satisfy the showing that would be required under Texas procedure to seek alternative means of service. (Doc. Nos. 30-1, 30-2.) Moreover, the State of Texas has also amended its rules to allow service by social media. *See WWLC Inv., L.P. v. Miraki*, 624 S.W.3d 796, 799 (Tex. 2021) ("We amended Rule 106 effective December 31, 2020 to provide for substitute service of citation by social media.") (citing Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103 (Tex. Aug. 21, 2020), https://www.txcourts.gov/media/1449613/209103.pdf.). As such, to the extent that

Defendant Billah happens to be located in the United States during the time of attempted service, the court similarly finds service by an alternative means to be appropriate in this case.

## CONCLUSION

Accordingly, and based on the foregoing, Plaintiff's motion to permit an alternative method of service on Defendant Billah (Doc. No. 30) is **GRANTED**. It is further **ORDERED** that:

- Plaintiff may serve Defendant Billah through his social media accounts identified in Plaintiff's motion by serving him with a copy of the complaint, summons, and the court's order;

- The court grants an extension of time to effect service on Defendant Billah, and file proof of same, to **March 13, 2023;** and

- Plaintiff shall file a status report with the court by **March 17, 2023.** The status report should include the following information: (1) the date the process server messaged the summons and complaint to Defendant Billah on LinkedIn and Facebook; and (2) whether the Plaintiff has confirmed through a read receipt or other means that Defendant Billah received the complaint and summons via electronic measures.

**So ORDERED and SIGNED this 15th day of February, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE