IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DIRECTV, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> WNK ASSOCIATES, INC., THE GREAT § <br> MILE, LLC, FDI TELECOM COMPANY, § <br> COMPLIANCE WHIZ INC., WALEED § <br> IQBAL, KHALID IQBAL, MOTASIM § <br> BILLAH, SHAHID BASHIR AHMAD, § <br> RANA T. REHMAN, AMNA JILANI, § <br> § <br> Defendants. | CIVIL ACTION NO. 6:22-CV-00423-JDK |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Before the court is Plaintiff DirecTV LLC's ("DirecTV" or "Plaintiff") motion to strike Defendants' affirmative defenses. (Doc. No. 34.) Defendants have filed a response (Doc. No. 43), to which Plaintiff has filed a reply (Doc. No. 46). The motion was referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1). (Doc. No. 53.) Having considered the parties' submissions and the arguments contained therein, the court **RECOMMENDS** that Plaintiff's motion to strike (Doc No. 34) be **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth herein.

**BACKGROUND**

On November 1, 2022, DirecTV filed this action against Defendants Waleed Iqbal, Shahid Bashir Ahmad, Motasim Billah, Compliance Whiz Inc., FDI Telecom Company, Khalid Iqbal, Amna Jilani, Rana T. Rehman, The Great Mile, LLC, WNK Associates, Inc. (Doc. No. 1.) Plaintiff

1

alleges that Defendants are engaging in an ongoing fraud scheme by impersonating Plaintiff and contacting existing customers to offer them either free or discounted products to steal the customer's money via prepaid gift cards. (Doc. No. 1, at 2.) Summonses as to all Defendants issued on November 2, 2022. (Doc. No. 5.) A Clerk's Entry of Default was entered as to Defendant Compliance Whiz Inc. on December 20, 2022 and as to Defendant Shahid Bashir Ahmad on April 28, 2023. (Doc. Nos. 16, 51.) Defendants Waleed Iqbal, Khalid Iqbal, The Great Mile, LLC, WNK Associates, Inc. filed an answer on January 9, 2023 (Doc. No. 26), and a first amended answer on January 30, 2023 (Doc. No. 28.) The court has issued a scheduling order in this case and discovery is ongoing. (Doc. No. 36.) On February 20, 2023, Plaintiff filed the instant motion (Doc. No. 34) moving to strike the affirmative defenses set forth in Defendants' amended answer (Doc. No. 28) pursuant to Federal Rule of Civil Procedure 12(f).

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Rule 12(f) was created as a "mechanism for the court to save time and expense by eliminating insufficient defenses from the pleadings when those items lack merit or are otherwise unavailing." *Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, No. 2:15-CV-1838-JRG, 2016 WL 7042232, at *1 (E.D. Tex. Apr. 6, 2016) (citing *Operating Eng'rs Local 324 Health Care Plan v. G&W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)). Motions to strike are generally disfavored, however, may be proper when a defense is insufficient as a matter of law. *U.S. v. Conley*, 689 F.3d 365 (5th Cir. 2012); *Kaiser Aluminum v. Chem. Sales, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). Courts possess considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. *Id.* If there is any

question as to whether the allegations may be relevant to the action, courts err on the side of permitting the allegations to stand. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed.).

An affirmative defense must be pled with "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "The 'fair notice' pleading requirement is met if the defendant 'sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise.'" *Id.* (quoting *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993)). In some cases, "merely pleading the name of the affirmative defense . . . may be sufficient." *Id.* "A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987). Nevertheless, a technical failure to comply precisely with the pleading requirements for affirmative defenses is not fatal. *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) (citing *Levy Gardens Partners 2007, L.P. v. Commonwealth Land Title Ins. Co.*, 706 F.3d 622, 633 (5th Cir. 2013)).

## DISCUSSION

Plaintiff alleges that Defendants' affirmative defenses 1 through 6 fail to state a legal, valid, affirmative defense because: (1) they are conclusory; (2) they fail to allege all the elements necessary for supporting the defense; (3) several allege only defects in Plaintiff's prima facie case; and (4) many fail to address the specific claim to which the defense applies. (Doc. No. 34, at 2.) Defendants argue that the alleged affirmative defenses sufficiently articulate the nature of the defense, and to the extent that they do not, Defendants request leave to amend their answer. (Doc. No. 43, at 3.)

### A. Failure to State a Claim (First Defense)

Plaintiff argues that Defendants' first affirmative defense is nothing more than a statement for failure to state a claim and is simply a denial that there is a basis "for piercing the corporate veil against WNK to hold Waleed Iqbal or Khalid Iqbal" personally liable. (Doc. No. 46, at 2.) Defendants do not specifically respond to this argument, but generally argue that their defenses are sufficient to give Plaintiff fair notice of what defense is being asserted. (Doc. No. 43, at 3.)

The court appreciates that a failure to state a claim defense is *typically* raised in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and not asserted as an affirmative defense. However, Federal Rule of Civil Procedure 12(h)(2) provides that "[f]ailure to state claim upon which relief can be granted . . . may be raised . . . in any pleading allowed or ordered under Rule 7(a)". Fed.R.Civ.P. 12(h)(2). Accordingly, the court finds no issue with Defendants asserting this defense in their answer, even if it titled as an "affirmative defense." Moreover, the factual allegations alleged with respect to this defense are sufficient to put Plaintiff on fair notice that Defendants intend to challenge the asserted claims against Waleed Iqbal or Khalid Iqbal because there is no alleged basis to pierce the corporate veil. (Doc. No. 28, at 11.) Thus, the court **RECOMMENDS** that Plaintiff's motion to strike Defendants' first defense be **DENIED**.

### B.  No Unjust Enrichment (Second Defense)

Plaintiff argues that this affirmative defense does nothing other than rebut Plaintiff's prima facie case and is therefore not a proper affirmative defense. (Doc. No. 34, at 9–10.) Defendants do not specifically respond to this argument, but generally argue that their defenses are sufficient to give Plaintiff fair notice of what defense is being asserted. (Doc. No. 43, at 3.) Defendants further state that to the extent the court finds that their second affirmative defense merely negates an element of Plaintiff's prima facie case, they withdraw that defense. (Doc. No. 43, at 3.)

Here, Defendants' second affirmative defense states in its entirety: "Plaintiff's fourth claim for unjust enrichment fails as against the answering Defendants as Plaintiff cannot demonstrate that any benefit was conferred upon these Defendants." (Doc. No. 28, at 11.) While this allegation provides a factual basis to give notice as to how Defendants intend to challenge Plaintiff's claim for unjust enrichment, it is not apparent to the court what, if any, affirmative defense is intended to be asserted by these allegations. Accordingly, the court finds that this defense merely negates Plaintiff's prima facie claim for unjust enrichment and hereby deems it **WITHDRAWN**. To the extent that Defendants wish to assert these factual allegations in an amended answer, they are free to do so.

### C. Limitation on Damages (Third Defense)

Plaintiff contends that Defendants' third defense only denies damages and fails to allege sufficient facts to put Plaintiff on fair notice as to why Plaintiff is the cause of its own damages or who responsible "third parties" may be. (Doc. No. 46, at 7.) Defendants do not specifically respond to this argument, but generally argue that their defenses are sufficient to give Plaintiff fair notice of what defense is being asserted. (Doc. No. 43, at 3.)

Here, Defendants' third affirmative defense states: "Plaintiff's damages, to the extent they suffered any damages, are the result of its own conduct and/or the conduct of third parties over whom Defendant exercises no control." (Doc. No. 28, at 11.) "[A]bsolute specificity in pleading is not required . . . .." *Automated Med. Labs. v. Armour Pharm. Co.*, 629 F.2d 1118, 1122 (5th Cir. 1980) (citing Fed. R. Civ. P 8(c)). Instead, all that is required is fair notice to the plaintiff. In the context of this case, Defendants have provided sufficient fair notice to Plaintiff that there are alleged to be no damages in this case or that the damages are limited by Plaintiff's own conduct. As such, the allegations are sufficient to allow the parties to engage in discovery on the topic, and

indeed this case has already proceeded into discovery. Plaintiff is unlikely to be subject to unfair surprise or the type of prejudice sought to be prevented by the fair notice requirement. If, at the close of discovery, the record fails to include any evidence to support Defendants' affirmative defense regarding damages, Plaintiff of course may move for summary judgment. Thus, the court **RECOMMENDS** that Plaintiff's motion to strike Defendants' third defense be **DENIED**.

### D. Express Consent/Implied Waiver (Fourth Defense)

Plaintiff argues that Defendants' fourth affirmative defense is invalid as a matter of law because there is no defense of "innocent infringement" under the Lanham Act. (Doc. No. 46, at 4.) Defendants do not specifically respond to this argument, but generally argue that their defenses are sufficient to give Plaintiff fair notice of what defense is being asserted. (Doc. No. 43, at 3.)

Defendants' fourth affirmative defense states as follows:

> Plaintiff's claims for trademark infringement (counts nine through twelve of the complaint) are (barred in whole, or in part, by its express consent and/or implied waiver in seeking to enforce any potential trademark infringement. As averred in their Complaint and in the foregoing Answer, Defendant WNK were authorized dealer of DirecTV services up until late 2019. In this capacity, any use of Plaintiff's trademark was made with Plaintiff's express or implied consent. Any residual use of Plaintiff's trademark made by Defendants is alleged to have been innocent infringement.

(Doc. No. 28, at 11.)

Plaintiff characterizes this affirmative defense as "innocent infringement" deeming it invalid under the law because an innocent intent to adopt a mark does not negate an intent to confuse in the actual use of the mark. (Doc. No. 46, at 4) (*citing Fletcher's Original State Fair Corny Dogs, LLC v. Fletcher-Warner Holdings LLC*, 434 F.Supp.3d 473, 494 (E.D. Tex. 2020)). Although Defendants' factual allegations admittedly use the words "innocent infringement," Defendants affirmative defense, as clearly alleged, is that Defendants had either express or implied consent to use the trademark. Both acquiescence and waiver are valid defenses to trademark

6

infringement. *See* Lanham Act 15 U.S.C. § 1115(b)(9) (incorporating the equitable principle of estoppel by acquiescence); *Pennzoil-Quaker State Co. v. Miller Oil & Gas Operations,* 779 F.3d 290, 295 (5th Cir. 2015) (holding that the affirmative defense of acquiescence requires the defendant to prove "(1) the plaintiff knew or should have known of the defendant's use of the trademark; (2) the plaintiff made implicit or explicit assurances to the defendant; and (3) the defendant relied on the assurances."); *see also Wilson v. Tessmer L. Firm, PLLC*, 483 F. Supp. 3d 416, 430 (W.D. Tex. 2020) ("[t]o establish waiver, a defendant must show: (1) that the plaintiff held an existing right, benefit, or advantage; (2) the plaintiff's actual knowledge of the existence of that right, benefit, or advantage; and (3) the plaintiff's actual intent to relinquish that right, or intentional conduct inconsistent with that right.") (internal quotations omitted). Defendants further state the factual basis for such affirmative defenses as they alleged they were an authorized dealer of DirecTV services until late 2019. (Doc. No. 28, at 11.) These factual allegations are sufficient to put Plaintiff on fair notice of Defendants' affirmative defenses that claims nine through twelve of the complaint are barred in whole, or in part, by acquiescence or waiver. Although the allegations combine two possible affirmative defenses, the facts alleged provide sufficient notice of these defenses to Plaintiff and warrant discovery on these affirmative defenses. Thus, the court **RECOMMENDS** that Plaintiff's motion to strike Defendants' fourth defense be **DENIED**.

### E. No Unfair Competition (Fifth Defense)

Plaintiff argues that this affirmative defense does nothing other than rebut Plaintiff's prima facie case and is therefore not a proper affirmative defense. (Doc. No. 34, at 9–10.) Defendants do not specifically respond to this argument, but generally argue that their defenses are sufficient to give Plaintiff fair notice of what defense is being asserted. (Doc. No. 43, at 3.) Defendants further

state that to the extent the court finds that their fifth affirmative defense merely negates an element of Plaintiff's prima facie case, they withdraw that defense. (Doc. No. 43, at 3.)

Here, Defendants' fifth affirmative defense states in its entirety: "Defendants conducted no such illegal act(s) that interfered with the Plaintiff's ability to conduct its business as is necessary to make out a claim for unfair competition as alleged in count five of Plaintiff's Complaint. In particular, the answering Defendants did not market or sell any service for DirecTV as alleged in the Complaint." (Doc. No. 28, at 11–12.) While this allegation provides a factual basis to give notice as to how Defendants intend to challenge Plaintiff's claim for unfair competition, it is not apparent to the court what, if any, affirmative defense is intended to be asserted by these allegations. Accordingly, the court finds that this defense merely negates Plaintiff's prima facie claim for unfair competition and hereby deems it **WITHDRAWN**. To the extent that Defendants wish to assert these factual allegations in an amended answer, they are free to do so.

### F.  No Fair Use/Nominative Fair Use/Descriptive Use (Sixth Defense)

Plaintiff argues that Defendants' sixth affirmative defense should be stricken because Defendants improperly combine multiple defenses based on the doctrines of "no fair use, nominative fair use, and descriptive use" without any allegations in support. (Doc. No. 34, at 8.) Defendants do not specifically respond to this argument, but generally argue that their defenses are sufficient to give Plaintiff fair notice of what defense is being asserted. (Doc. No. 43, at 3.) Defendants further contend that to the extent their sixth affirmative defense combines various defenses and deprives Plaintiff of fair notice, they withdraw that defense. (Doc. No. 43, at 3.)

Defendants' sixth defense states: "As for a further affirmative defense in response to Plaintiff's claims for trademark infringement (counts nine through twelve of the complaint), Defendants' actions are protected by the doctrines of fair use, nominative fair use, and/or

8

descriptive use." (Doc. No. 28, at 12.) While "merely pleading the name of the affirmative defense ... may be sufficient," simply "naming" the broad affirmative defenses of fair use, nominative fair use, and descriptive fair use "falls well short of the minimum particulars needed to identify the affirmative defense[s] in question." *See Horizon AG-Prod., Inc. v. Verdesian Life Scis., U.S.*, LLC, No. 3:19-CV-722-X, 2020 WL 10895447, at *4 (N.D. Tex. Mar. 5, 2020). Each of the asserted fair use defenses are separate defenses with unique elements to be proven and Defendants have not provided any factual bases for these defenses. Rather, Defendants' allegations merely name these affirmative defenses in combination. As such, the court finds that Defendants' sixth affirmative defense fails to put Plaintiff on fair notice of any fair use defense. Given Defendants' concession that they would like to withdraw this defense upon any finding by the court that this defense fails to give Plaintiff "fair notice," the court hereby deems Defendants' sixth affirmative defense **WITHDRAWN**.

## CONCLUSION

For the reasons stated above, the court **RECOMMENDS** that Plaintiff's motion to strike Defendants' affirmative defenses (Doc No. 34) be **GRANTED-IN-PART** and **DENIED-IN-PART**. Specifically, the court **RECOMMENDS** Plaintiff's motion (Doc. No. 34) is **GRANTED** with respect to Defendants' second, fifth, and sixth affirmative defenses and those defenses are deemed **WITHDRAWN**. The court **RECOMMENDS** that Plaintiff's motion (Doc. No. 34) be **DENIED** with respect to Defendants' first, third, and fourth affirmative defenses. Given this recommendation, the court further **RECOMMENDS** that Defendants be granted leave to amend their answer to reflect the findings and conclusions herein.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in this report. A party's

failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days)**.**

**So ORDERED and SIGNED this 4th day of May, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE