IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

|  |  |  |
|---|---|---|
| DIRECTV, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:22-cv-423-JDK |
| | § | |
| WNK ASSOCIATES, INC. et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

Plaintiff DIRECTV, LLC ("DIRECTV") brought the above-captioned action against Defendants WNK ASSOCIATES, INC. a/k/a SWITCH 2 US a/k/a DTV PROMO, THE GREAT MILE, LLC, and WALEED IQBAL (collectively, "Defendants"), among others, alleging that these parties are perpetrators of an unlawful scheme to enrich themselves by impersonating DIRECTV, contacting existing or potential DIRECTV customers to offer them nonexistent free or significantly discounted DIRECTV services or products, and then they take the consumer's money, typically in the form of prepaid gift cards, which they launder for cash and/or cash equivalents (hereinafter the "Imposter Fraud Scheme" or the "Scheme").

As a result, DIRECTV brought claims against Defendants for tortious interference with business relationships and prospective advantage, tortious interference with contract, civil conspiracy, unjust enrichment, unfair competition, trafficking in computer passwords, 18 U.S.C. § 1030(a)(6), unauthorized access, 18

1

U.S.C. § 1030(a)(5)(C), unauthorized access, 18 U.S.C. § 1030(a)(4), federal trademark infringement, 15 U.S.C. § 1114 [§ 32(1) of the Lanham Act], federal common law trademark infringement and false advertising, 15 U.S.C. § 1125(a)(1)(A) and (B) [§ 43(a) of the Lanham Act], contributory trademark infringement, federal trademark dilution, 15 U.S.C. § 1125(c) [§ 43(c) of the Lanham Act], federal trademark counterfeiting, violation of the Anti-Cybersquatting Consumer Protection Act, common law trademark infringement, common law fraud and fraudulent misrepresentation, and injury to business or reputation and dilution of trademarks under Texas Business & Commerce Code § 16.103, and harmful access by computer under Texas Civil Practices & Remedies Code § 143.001, *et seq.*

Based on the agreement of the parties, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in DIRECTV's Complaint.

2. The parties stipulate that DIRECTV has the right to use and enforce rights in the standard character marks for DIRECTV® and GENIE® and several stylized marks (collectively, the "DIRECTV Marks"), as depicted below:

   

The parties stipulate that DIRECTV uses the DIRECTV Marks on and in connection with its communications and entertainment products and services. The parties stipulate that the DIRECTV Marks are valid, distinctive, protectable, famous, have

acquired secondary meaning, and are exclusively with DIRECTV and its approved licensees.

3. The parties stipulate that Defendants' conduct constitutes tortious interference with business relationships and prospective advantage, tortious interference with contract, civil conspiracy, unjust enrichment, unfair competition, trafficking in computer passwords, 18 U.S.C. § 1030(a)(6), unauthorized access, 18 U.S.C. § 1030(a)(5)(C), federal trademark infringement, 15 U.S.C. § 1114 [§ 32(1) of the Lanham Act], federal common law trademark infringement and false advertising, 15 U.S.C. § 1125(a)(1)(A) and (B) [§ 43(a) of the Lanham Act], contributory trademark infringement, federal trademark dilution, 15 U.S.C. § 1125(c) [§ 43(c) of the Lanham Act], federal trademark counterfeiting, violation of the Anti-Cybersquatting Consumer Protection Act, common law trademark infringement, injury to business or reputation and dilution of trademarks under Texas Business & Commerce Code § 16.103, and harmful access by computer under Texas Civil Practices & Remedies Code § 143.001, *et seq.*, among others.

4. The parties stipulate that DIRECTV has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendants' conduct. Based on the parties' stipulations and agreement, DIRECTV is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

5. Final judgment is hereby entered against Defendants, and in favor of the Plaintiff, on all of the claims set forth in Plaintiff's Complaint in the principal

amount of Seven Million Dollars and Zero Cents ($7,000,000.00 (USD)), which shall bear interest at the legal rate, for which let execution issue forthwith.

6. Defendants, and any and all other persons or entities acting or purporting to act on their behalf, including each and all of their past and present respective officers, directors, shareholders, members, owners, investors, successors, assigns, parent companies, subsidiaries, affiliates, related companies, predecessors-in-interest, agents, employees, and representatives who have been provided with a copy of this judgment shall be and hereby are **PERMANENTLY ENJOINED** from:

   i. engaging in or soliciting, directing, requesting, or facilitating others to engage in the conduct described in the Complaint as the Imposter Fraud Scheme against DIRECTV and its actual and potential customers;

   ii. holding themselves out as being associated with, employed by or on behalf of, or acting as an agent, representative, affiliate, contractor or authorized partner of DIRECTV or facilitating or knowingly assisting other persons or entities to do so;

   iii. contacting existing or potential DIRECTV customers by phone, email, text message, voicemail or any other method with the intent to engage in any aspect of the Imposter Fraud Scheme;

   iv. acquiring, advertising or reselling any DIRECTV products or services;

4

  v.  attempting to or accessing DIRECTV's Protected Computer System—as defined in the Complaint—including through protected and confidential computer passwords obtained by defrauding consumers, purchasing or otherwise acquiring the information on the dark web or by any other illicit means;

  vi.  acquiring, purchasing, selling, advertising, aggregating, supplying, and/or soliciting, directly or indirectly, actual or potential DIRECTV customer information or the confidential codes/passwords needed to access DIRECTV's Protected Computers;

  vii.  communicating with employees or representatives of DIRECTV, whether in person, by phone, instant messaging or mobile messaging or through a website, a third party, or any other means, with the intent to engage in any aspect of the Imposter Fraud Scheme;

  viii.  advertising for, soliciting or compensating individuals to engage in the Imposter Fraud Scheme;

  ix.  training, educating, coaching, guiding, or instructing anyone on methods to defraud DIRECTV or its actual or potential customers;

  x. misappropriating that which rightfully belongs to DIRECTV, its customers, or potential customers, or in which DIRECTV or its customers or potential customers have an interest;

  xi. using the DIRECTV Marks, DTV, or any other trademark, service mark, trade name and/or trade dress owned or used by DIRECTV or its subsidiaries, parents, and affiliates now or in the future, or that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the DIRECTV's Marks or DTV, without DIRECTV's prior written authorization;

  xii. engaging in any activity that infringes DIRECTV's rights in or is likely to dilute the distinctiveness of the DIRECTV Marks or DTV abbreviation; xiii. engaging in unfair competition under applicable federal and state law with DIRECTV;

  xiii. using the Infringing Domains (https://gennietv.com and https://gennietv.us) or any other confusingly similar domain names;

  xiv. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' products or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with DIRECTV, or (ii) DIRECTV's products or services are in any manner approved,

          endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

xv.   using, or authorizing any third party to use, goods or services, a false description, representation or designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associates such business, goods, and/or services with DIRECTV, or tends to do so; and

xvi.   receiving any compensation, directly or indirectly, whether in money, in kind, or otherwise, for any of the acts proscribed in subparagraphs (i) – (xvi) above.

7. Any attempts to advertise, promote, offer for sale, or sell DIRECTV products, services, or customer information within and/or outside of the continental United States is and shall be deemed a presumptive violation of this injunction.

8. Any violation of the terms of this Final Judgment and Permanent Injunction shall result in contempt and an order for payment of compensatory damages to DIRECTV in an amount of $3,500 for each instance where a Defendant is found to have violated this Injunction. The parties stipulate that these amounts are compensatory and will serve to compensate DIRECTV for its losses in the event a Defendant violates the terms of this Order.

9. The last known address of Defendants is 1225 River Bend Drive, Tyler, Texas 75703.

10. The prevailing party in any proceeding to enforce compliance with the terms of this Final Judgment and Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

11. Defendants waive any and all rights to challenge the validity of this Final Judgment and Permanent Injunction in this Court or in any other court, and specifically waive their right of appeal from the entry of this Final Judgment and Permanent Injunction.

12. The Court hereby finds, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants as set forth herein.

13. All pending motions are **DENIED** as moot.

14. The Clerk of Court is requested to close this case.

So **ORDERED** and **SIGNED** this **13th** day of **November, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE